UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LUCIANO AMADOR JUAREZ,<br>Defendant. | Case No. 17-cr-00554-PJH-1<br><br>**ORDER DENYING PETITION FOR RELEASE ON TWO THIRDS DATE**<br><br>Re: Dkt. Nos. 199, 201 |

Defendant in the above-captioned case filed a "petition for release on two thirds date." See Dkt. 199. The court issued an order stating that defendant's petition did "not provide any authority for the request" and included "no citation to a statute that allows for release from custody after two-thirds of a sentence has been served, or any other basis for the defendant's request." Dkt. 200 at 1. Accordingly, the court directed defendant to "file a supplemental brief which provides the authority upon which his request is based." Id.

Defendant did file a supplemental brief, and the court has considered it. Defendant's supplemental brief states that "[p]ursuant to 18 U.S.C. § 3559 sentencing data, [he] is eligible for early release as noted in the sentence monitoring computation data sheet." Dkt. 201 at 1. Defendant argues that "[a]s of January 12, 2023, [he] will have satisfied the two thirds requirement of his 60 month (5 year) sentence." Id.

While defendant did indeed attach his sentence monitoring computation data sheet to his original petition, that data sheet states only that his "elderly offender two thirds date" is January 12, 2023. Dkt. 199 at 3. Defendant did not make clear that he

was seeking release under this "elderly offender" provision.

Indeed, while defendant still does not provide any statutory or other authority for his request, the data sheet's reference to an "elderly offender two thirds date" suggests that defendant is attempting to proceed under the Elderly Offender Pilot Program, authorized as part of the First Step Act.  However, as defendant acknowledges in his supplemental brief, he does not qualify as an "elderly offender" because he is only 40 years old.  See Dkt. 201 at 2; Dkt. 162 at 3.  Defendant nonetheless argues that "early release . . . makes sense from an economic view since American taxpayers will not have to continue to pay for [his] incarceration."  Dkt. 201 at 2.

Defendant's motion for release on his two thirds date is DENIED.  As an initial matter, the motion is prematurely brought as his two thirds date is over a year away.  But even more importantly, defendant is not an "elderly offender" and is thus completely ineligible to seek relief on his "elderly offender two thirds date."

**IT IS SO ORDERED.**

Dated:  August 20, 2021

                                                       /s/ *Phyllis J. Hamilton*
                                                  PHYLLIS J. HAMILTON
                                                  United States District Judge