UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 17-cr-00554-PJH-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |
| LUCIANO AMADOR JUAREZ, | |
| Defendant. | Re: Dkt. No. 206, 220 |

Before the court is the motion of defendant Luciano Amador Juarez for reduction of sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Defendant originally filed a pro se motion for compassionate release. See Dkt. 209. Counsel was then appointed to represent defendant for this motion, and counsel filed a supplemental motion for compassionate release. See Dkt. 220. Having considered the relevant authorities and having reviewed the record and the parties' papers, the court DENIES the motion for compassionate release for the reasons set forth below.

I.   BACKGROUND

On December 19, 2018, defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine and 500 grams or more of a mixture and substance containing cocaine. See Dkt. 162 at 4.

On January 15, 2020, the court sentenced defendant to a term of 60 months

imprisonment, to be followed by three years of supervised release.  See Dkt. 168.  The Guideline range for defendant's offense was 121 to 151 months.  See Dkt. 162 at 20.

Defendant's projected release date is on December 16, 2023, leaving approximately 14-15 months remaining on his prison term.  See Dkt. 220 at 33.  Defendant now seeks a reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A).

## II.     DISCUSSION

### A.     Legal Standard

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.  United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003).  The court may modify a previously imposed sentence upon motion of the BOP or motion of the defendant under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act which added a provision to allow defendants, not only the Director of the BOP, to file a motion for reduction of sentence after exhausting administrative remedies or waiting 30 days after the warden's receipt of a request.  See United States v. Rodriguez, 424 F.Supp.3d 674, 680 (N.D. Cal. 2019).  Section 3582(c)(1)(A)(i) now provides that the court may reduce an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,"[1] after considering the applicable factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing

---

[1] In this case, the government does not argue that defendant's motion should be denied for failure to exhaust administrative remedies, and concedes that the court should consider the merits of defendant's motion.  See Dkt. 222 at 7.

2

Commission."

### B. Requirements for Relief

As set forth above, compassionate release is warranted if the court finds that extraordinary and compelling reasons warrant such a reduction, after also considering the applicable § 3553(a) factors.

Before the First Step Act, only the BOP director could file a motion for compassionate release. Those motions were governed by the applicable policy statement at United States Sentencing Guideline § 1B1.13. Indeed, the opening language of § 1B1.13 is: "Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A)." (emphasis added). The policy statement then set forth the test for courts to apply when ruling on those motions, including a determination that extraordinary and compelling reasons warranted the reduction, and that the defendant is not a danger to public safety. The policy statement included commentary with application notes, which set forth specific circumstances that would qualify as "extraordinary and compelling" based on the defendant's (1) medical condition, (2) age, or (3) family circumstances. U.S.S.G. § 1B1.13, cmt. n.1.

When the First Step Act amended section 3582, it was unclear whether § 1B1.13 remained an "applicable" policy statement. At first, many courts, including this one, found that § 1B1.13 was applicable even to defendant-filed motions. See, e.g., United States v. Eberhart, 448 F.Supp.3d 1086 (N.D. Cal. 2020). However, numerous circuit courts, including the Ninth Circuit, have now concluded that the current version of § 1B1.13 "is not an applicable policy statement" for defendant-filed motions for compassionate release. See United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021); see also United States v. Brooker, 976 F.3d 228 (2nd Cir. 2020); United States v. McCoy, 981 F.3d 271 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178 (7th Cir. 2020).

While the § 1B1.13 policy statement is no longer binding, it may still "inform a district court's discretion" for what constitutes extraordinary and compelling reasons

warranting release.  See Aruda, 993 F.3d at 802.

### 1. Extraordinary and Compelling Reasons

Although section 3582(c)(1)(A)(i) does not define what constitutes "extraordinary and compelling circumstances," the application notes to the § 1B1.13 policy statement identify three sets of such circumstances: "medical condition of the defendant," "age of the defendant," and "family circumstances."  U.S.S.G. § 1B1.13, cmt. n.1.  As discussed above, because the policy statement is not binding, courts may consider those identified circumstances, but are not bound by them.

Defendant's motion focuses on his medical condition.  Specifically, in September 2021, defendant experienced a gastrointestinal blockage caused by intussusception, which required that he be transported by helicopter for emergency surgery.  See Dkt. 220 at 5-9; see also Dkt. 222-2.  Following surgery, defendant has experienced ongoing issues with his gastrointestinal health.  See id.  Defendant argues that he "cannot get the treatment he needs while in BOP custody, but would have access to high-quality medical care if released."  Dkt. 220 at 9.

The government argues that defendant's medical records[2] suggest that his condition is manageable.  See Dkt. 222 at 9; see also Dkt. 223-1. The government argues that defendant's conditions are chronic, but manageable, and that he has received medication for his current ailments, has received an x-ray to rule out another bowel obstruction, and is under instructions to return to sick call if his condition worsens.  See Dkt. 222 at 9.

The policy statement notes define physical or medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to

---

[2] The government has filed a motion to seal defendant's medical records.  See Dkt. 223. The motion to seal is GRANTED.

provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A). While the policy statement is no longer binding, the court does find it persuasive.

Overall, defendant has not demonstrated that his chronic conditions diminish his ability to provide self-care while incarcerated such that they would amount to extraordinary and compelling reasons for release under § 3582(c)(1)(A)(i). See United States v. Luck, 2020 WL 3050762, at *2 (N.D. Cal. June 8, 2020) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.") (citing United States v. Ayon-Nunez, 2020 WL 704785, at *2–3 (E.D. Cal. Feb. 12, 2020)).

Based on the above, the court concludes that defendant has not demonstrated extraordinary and compelling circumstances warranting relief. On that basis alone, defendant's motion is DENIED.

The court further notes that, even if the court were to find that defendant had demonstrated extraordinary and compelling circumstances, his motion would still be denied due to the court's consideration of the § 3553(a) sentencing factors, described as follows.

### 2.     Section 3553(a) Factors

Having considered the applicable § 3553(a) factors, the court further finds that a reduction of defendant's 60-month custodial sentence, which was already significantly below the 121-151-month Guideline range, would not serve the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, or to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a)(2)(A)-(C).

Simply put, given the significant downward variance already applied to defendant's sentence, a further reduction would result in too large of a disparity between defendant's sentence and other defendants who have been convicted of similar offenses. For that

reason, even if the court were to find that defendant had shown extraordinary and compelling circumstances warranting relief, the motion must still be denied after consideration of the § 3553(a) factors.

### C.     Home Confinement

To the extent that defendant seeks release to home confinement under 18 U.S.C. § 3624(c)(2), the court's previous order set forth the basis for its conclusion that the court has no authority to designate the place of confinement.  See Dkt. 187 at 8-9 (citing United States v. Ceballos, 671 F.3d 852, 855 (9th Cir. 2011) ("'While a [district court] judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served.  Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons.'") (quoting United States v. Dragna, 746 F.2d 457, 458 (9th Cir. 1984)).

## III.    CONCLUSION

For the reasons set forth above, defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is DENIED.

**IT IS SO ORDERED.**

Dated:  September 28, 2022

                                              /s/ *Phyllis J. Hamilton*
                                              PHYLLIS J. HAMILTON
                                              United States District Judge